# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 23-MJ-1791 JHR

VICTOR HUGO ALONZO-RAYMUNDO,

    Defendant.

## WAIVER OF PRELIMINARY HEARING, WAIVER OF PERSONAL PRESENCE AT PRELIMINARY HEARING, REQUEST FOR TOLLING OF GRAND JURY PRESENTMENT, AND WAIVER OF DETENTION HEARING

1. I am the attorney of record for the defendant in this criminal proceeding.

2. I have explained to the defendant that he/she is entitled to a preliminary hearing. My client has agreed to waive his right to that hearing. My client has also agreed to waive the right to have this case presented to a grand jury within thirty (30) days of arrest pursuant to 18 U.S.C. §3161(b) in exchange for the following:

    [ x ]  Pre-indictment discovery

    [ x ]  Pre-indictment plea negotiations

3. I have explained to the defendant his right to have this case presented to a grand jury within thirty (30) days of arrest pursuant to 18 U.S.C. §3161(b).

4. Based on my explanation, my client hereby requests a tolling of grand jury presentment pursuant to 18 U.S.C. §3161(h)(7)(A) for an additional period not to exceed 75 days from the date of arrest for a total of 105 days. My client understands this request means there be

75-day period of excludable time for the purposes of determining compliance with the speedy indictment provision of 18 U.S.C. §3161(b). My client further requests that an Order be entered providing that this time period shall be tolled and excluded from the speedy indictment time computation pursuant to 18 U.S.C. §3161(h)(7)(A).

5. I have explained to the defendant that if an agreement cannot be reached with the United States Attorney's Office, the case will be presented to a grand jury at a later date, consistent with this waiver.

6. I have explained to the defendant that he is entitled to personally appear before the Court at every stage of criminal proceedings, including the preliminary hearing.

7. I have explained to the defendant that he is entitled to a detention hearing.

8. I have advised the defendant that at a detention hearing, the court will hear evidence to determine whether he should be held in jail without bond or whether a bond should be set in this case.

9. I have advised the defendant that by waiving the right to a detention hearing, he will be held in jail without bond until this matter is resolved.

10. Based on my explanation, my client waives his right to a detention hearing.

11. After having reviewed this form together, my client requests that the Court waive his personal appearance at the Preliminary Hearing and Detention Hearing and instead allow undersigned counsel to sign this Waiver of Preliminary Hearing, Waiver of Personal Presence at Preliminary Hearing, Request for Tolling of Grand Jury Presentment, and Waiver of Detention Hearing on his behalf.

_____
Victor Hugo Alonzo-Raymundo
Defendant

I have reviewed the foregoing document in (English/Spanish) with my client and represent to the Court that he understands it. I have been authorized by my client to sign this waiver on his behalf. I further represent to the Court that I believe it is in my client's best interest to agree to the contents of this document. I affirm that my client has made this request voluntarily and knowingly after having asked me any questions that he may have had about this waiver.

_____
Imtiaz Hossain
Attorney for Defendant

12/28/23
_____
Date